
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| DEVI DASS, | No. 09-73763 |
| Petitioner, | Agency No. A096-494-626 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 3, 2014
Portland, Oregon

Before: TROTT and W. FLETCHER, Circuit Judges, and BLOCK, District
Judge.**

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Frederic Block, Senior United States District Judge for
the Eastern District of New York, sitting by designation.

Devi Dass petitions for review of a decision of the Board of Immigration Appeals ("Board") affirming an Immigration Judge's ("IJ") decision denying Dass's application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). The Board denied the application because Dass failed to show that he was persecuted on account of a protected ground and failed to show that he is more likely than not to be tortured if he is returned to India.

Dass contends that he was persecuted on account of imputed political opinion. The Board accepted the IJ's finding that Dass testified credibly, but held that even accepting all of his testimony as true, the evidence failed to show that Dass was persecuted on account of a protected ground as required under the Immigration and Nationality Act. *See* 8 U.S.C. § 1101(a)(42)(A). Although Dass was a victim of physical mistreatment, it was a byproduct of a legitimate criminal investigation. Accordingly, it did not constitute persecution on account of a protected ground. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044-45 (9th Cir. 2004). The Board also concluded that Dass's subsequent extortion did not constitute persecution on account of a protected ground, affirming the IJ's factual finding that the arrest was used only as a pretext to extort money from Dass.

Turning to the application for protection under the CAT, Dass relies on a country report by the U.S. State Department that discusses human rights abuses in India. However, for multiple reasons, the report fails to show that he is more likely than not to be tortured: Dass testified that he is Hindu and is therefore a member of the country's majority population, and he is *not* affiliated with any targeted militant or terrorist group identified in the report. Furthermore, there is no suggestion that his family, which remains in India, has suffered persecution of any sort.

Accordingly, Dass has failed to meet his burden to show that the record compels the conclusion that he is entitled to protection under the CAT. *See* 8 C.F.R. § 208.16(c)(2); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481, 483-84 (1992).

**PETITION FOR REVIEW DENIED.**